CUI

29 Nov 2024

From: CAPT Theodore E. Essenfeld, USN
To: Commander, Navy Personnel Command (PERS 834)
Via: (1) Commander, Expeditionary Strike Group THREE
(2) Deputy Chief of Navy Personnel

Subj: FINAL CIVIL ACTION REPORT ICO CAPT THEODORE E. ESSENFELD, USN

Ref  (a) NAVPERS 15560D
(b) RDML R. W. Peck letter of 12 Nov 24, Ser N00J/240

1. Per reference (a) and in response to reference (b) I respectfully submit the following comments for consideration.

2. I received reference (b) on 22 Nov 24. I cannot express in words the shame and regret I feel that this situation has had any adverse effect on the Navy which I have served with devotion and distinction for more than 33 years, my entire adult life.

3. I further regret that both in court and in the media opinions have been represented as facts, facts have been misrepresented, and fallacies continue to be perpetuated. If or when I am required to show cause, I look forward to doing so in person so I may set the record straight. I will not further oppugn the specific allegations against me here.

4. Because my case is pending before the Ninth Circuit Court of Appeals, I respectfully request that Navy Personnel Command (PERS 834) hold in abeyance any further administrative or punitive action against me. As I stated in my 26 Jan 23 email to RADM Kirk, then commanding Expeditionary Strike Group THREE, I believe my Constitutional rights have been violated. I believe I was indicted to preclude a Congressional Inquiry I was seeking into the allegations against me. Furthermore, I believe the indictment and my wrongful conviction are a case of selective prosecution. I am confident that my appeal will result in reversal of my conviction. This being the case, any further action pending the outcome of a successful appeal would be an injustice.

5. Like everyone reading this letter, I have devoted my life to supporting and defending the Constitution of the United States. I am no more or less deserving of its protection than any other citizen. Because of my "lost time" status I am receiving no pay or benefits, nor am I accruing time in service. There is no harm to the Navy nor to our fellow taxpayers in delaying further administrative or punitive action against me until the appeal process is exhausted. Please allow that process to work as designed and for justice to be done. I appeal only for the protection of our Constitution as I have defended it for these many years.

6. Thank you for your consideration.

Very Respectfully,

T. E. Essenfeld
CAPT   USN

CUI

ENCLOSURE 1

CUI



**DEPARTMENT OF THE NAVY**
BUREAU OF NAVAL PERSONNEL
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

1920
Ser 834/256
17 Apr 25

From: Commander, Navy Personnel Command (PERS-83)
To: CAPT Theodore E. Essenfeld, USN, 2905
Via: (1) Commander, Navy Region Southwest
(2) Commander, Expeditionary Strike Group THREE

Subj: NOTIFICATION OF ADMINISTRATIVE SHOW CAUSE PROCEEDINGS

Ref: (a) COMEXSTRKGRU THREE ltr 5800 Ser N0J/240 of 12 Nov 24
(b) SECNAVINST 1920.6D
(c) MILPERSMAN 1920-200
(d) BUPERSINST 1070.27E

Encl: (1) Acknowledgment of Rights Form

1. The Show Cause Authority has reviewed your case and determined there is sufficient evidence of record to require you to show cause for retention in the naval service based on your misconduct and substandard performance of duty, as outlined in reference (a).

2. Administrative action requiring you to show cause has been initiated in accordance with reference (b) based on your:

   a. <u>Misconduct</u>

      1) Conviction by civil authorities (foreign or domestic) or action taken which is tantamount to a finding of guilty, which would amount to an offense under the Uniform Code of Military Justice (UCMJ); specifically, your:

         a) Violation of Title 18 U.S.C., Section 2261A(2)(B) (Cyberstalking) and

         b) Violation of Title 18 U.S.C., Section 1028A(a)(7) (Identity Theft).

   b. <u>Substandard Performance of Duty</u>. Inability to maintain adequate levels of performance as evidenced by your failure to conform to prescribed standards of military deportment.

3. Commander, Navy Region Southwest has been requested to convene a board of inquiry (BOI) requiring you to show cause for retention in the naval service. The board will consider

Controlled by: Department of the Navy
Controlled by: PERS-834
CUI Category: PRVCY
Distribution/Dissemination Control: FEDCON
POC: ENS Chauncey Kimmons, PERS-834@navy.mil

CUI

ENCLOSURE 2 (pg 1 OF 2)

Subj:   NOTIFICATION OF ADMINISTRATIVE SHOW CAUSE PROCEEDINGS

your case even if you decide not to appear before it. Your rights before the BOI and the procedures for such boards are set forth in reference (b), enclosure (11).

4. The least favorable characterization of service that may be recommended in your case is Other than Honorable.

5. You may exercise or waive the following rights (see reference (b), enclosure (11) for a full list of your rights):

   a. You may submit, any time before the board adjourns for closed deliberations, any matter that you deem pertinent.

   b. You may tender a resignation request for the good of the naval service in lieu of a BOI consistent with the guidelines for characterization of service in reference (b), enclosure (8). Reference (c) contains the format for this resignation request, which must be verbatim.

   c. You may confer with appointed military counsel, or civilian counsel at no expense to the government.

   d. You may request copies of the papers that will be forwarded to the Secretary of the Navy to support the recommendation for separation. You may submit your request at https://www.foia.gov.

   e. Documents related to your administrative separation processing will become part of your official record. In accordance with reference (d), you have the right to respond to matters submitted into your permanent record that relate to your administrative separation processing.

6. Should you be separated from the Navy, you may be required to reimburse the government for the unearned portion of any incentive, special pay, bonuses, or educational assistance you have received which obligated you to active or reserve service.

7. Return enclosure (1) within 10 days of receipt of this letter to your Commanding Officer. If you intend to tender your resignation, return your request with enclosure (1). Failure to exercise your rights or respond within the specified time will constitute a waiver of your rights.

*[signature]*

N. F. CUNNINGHAM
By direction

CUI

28 Apr 25

From: CAPT Theodore E. Essenfeld, USN
To:   Commander, Navy Region Southwest
Via:  Commander, Expeditionary Strike Group THREE

Subj: ACKNOWLEDGMENT OF RIGHTS

Ref:  (a) COMNAVPERSCOM ltr 1920 Ser 834/256 of 17 Apr 25
      (b) DoD Financial Management Regulation, Volume 7A
      (c) OPNAVINST 6100.3A

1. Receipt of reference (a) is acknowledged. However I do not have access to references (b) or (c). Therefore I am unable to make an informed acknowledgment of my rights. I elect a Board of Inquiry (BOI) and understand it will be held in my absence if I choose not to appear. I desire and intend to appear before any BOI. Any failure to appear is because I am being held against my will.

2. I did not serve in an imminent danger pay area as defined by reference (b) within the last 24 months. Pre- and post-deployment health assessments and medical screenings for PTSD and TBI are not required per reference (c). This statement is made to the best of my knowledge as I do not have access to references (b) or (c). Of note, I have been diagnosed with PTSD and began treatment for post-traumatic symptoms in 2018 following my last deployment.

3. I am currently incarcerated in the Federal Corrections Institution at Safford, AZ after being, I believe, wrongfully convicted of two felonies. My appeal is pending before the Ninth Circuit Court of appeals, currently scheduled for 28 May 2025. I have made multiple requests to hold in abeyance these proceedings until my appeal is exhausted. I and my supporters believe there are as many as fourteen grounds for a successful appeal of my conviction. We believe that my conviction will be overturned and that the charges against me violated my rights under the United States Constitution, the document that each of us serving in the Navy have sworn to support and defend. To administratively separate me after more than 30 years of loyal, devoted, and distinguished service, both enlisted and commissioned, based on charges that violate not only my but you rights as a citizen would be a gross injustice. Once again, I request these proceedings be held in abeyance pending the final adjudication of my appeal.

4. Because I am imprisoned, I do not have access to either phone or email. I can be contacted via my Navy Defense Counsel, LCDR Colleen E. Daly, JAGC, at the Defense Service Office West. The phone number there is (619) 556-7539.

T.E. Essenfeld

Copy to:
COMNAVPERSCOM (PERS 834)
LCDR Colleen E. Daly (DSO West)

CUI

ENCLOSURE 3

```
                                                   28 Apr 25
From:  CAPT Theodore E. Essenfeld, USN
To:    The Secretary of the Navy
Via:   (1) Commander, Expeditionary Strike Group THREE
       (2) Commander, Navy Personnel Command (PERS-83)
       (3) Deputy Chief of Naval Personnel
       (4) Chief of Naval Personnel
```

Subj: REQUEST FOR EXCEPTION TO POLICY

Ref: (a) SECNAVINST 1920.6D

Encl: (1) PERS-83 ltr 1920 Ser 834/256 of 17 Apr 25
      (2) PERS-83 ltr 1920 Ser 834/257 of 17 Apr 25
      (3) CAPT Essenfeld ltr of 29 Nov 24
      (4) COMEXSTRKGRU THREE ltr 5800 Ser N00J/270 of 13 Dec 2024

1. Per reference (a) and following up on enclosure (3) I respectfully request the Secretary of the Navy approve an exception exception to policy directing that any administrative and/or punitive action against me as directed in enclosures (1) and (2) be held in abeyance until the appeal process is complete.

2. My case is pending before the Ninth Circuit Court of Appeals, currently scheduled for 28 May 25. While I understand that appeals can be prolonged, a concern expressed by RDML Peck in enclosure (4) - which is notably not referenced in enclosure (1) - any delays in the appeal process are outside of my control. I should not be penalized for such delays, especially as I filed my notice to appeal in a timely manner.

3. Similar exceptions to policy have been granted in the past. My request is not without precedent. Recently a Navy Officer was tried and convicted for the deaths of two host nation citizens due to a car crash in Japan. Despite his conviction and incarceration an exception to policy was granted allowing him to receive full pay and benefits while in a Japanese prison pending an appeal. I am not asking for such special treatment. I only ask that I not be separated when there is a strong likelihood that my conviction, the basis for this administrative action, will be overturned.

4. Continuing this action against me prior to the conclusion of appellate proceedings will represent a profound injustice. Especially if, as I expect, my conviction is overturned. I believe my appeal will prove that my rights under the First, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States have been violated.

5. My sole desire upon the successful appeal of my case is to return to the service of my country and my Navy. I hope for the opportunity to redeem myself in the eyes of my fellow Sailors, both those I have led and those whom I followed.

6. I have already been denied a year of freedom and remain incarcerated pending appeal. I lost custody of my minor son. My career and reputation have been damaged. I lost my home. And I have expended my life's savings on a deficient defense

which resulted in a wrongful and unjust conviction. Please do not add a further injustice by administratively separating me on grounds that will rpove erroneous.

7. As I stated previously in enclosure (3) - which was also not refernced in enclosure (1) - I have devoted my entire adult life, more than 30 years, to supporting and defending our Constitution. From Seaman Recruit to Captain I have never failed in the performance of my duty. In fact, I have excelled. Only these unconstitutional charges against me have blemished my service. The suggestion that I brought discredit upon the Navy breaks my heart.

8. I implore you, please allow both the Constitution and the appeal process to work for me. In the unlikely event that my appeal does not succeed, I will humbly submit to the findings of the Board of Inquiry. Please delay these proceedings.

9. Thank you for your consideration.

Very Respectfully,

T. E. Essenfeld
CAPT      USN

Copy to: LCDR Colleen E. Daly, JAGC, USN, DSO WEST

ENCLOSURE 4 (Pg 2 of 2)

CUI



**DEPARTMENT OF THE NAVY**
COMMANDER EXPEDITIONARY STRIKE GROUP THREE
NAVAL BASE SAN DIEGO BLDG 73
3205 SENN ROAD
SAN DIEGO CA 92136-5090

IN REPLY REFER TO
5800
Ser N00J/240
12 Nov 24

From: Commander, Expeditionary Strike Group THREE
To:   Commander, Navy Personnel Command (PERS 834)
Via:  (1) CAPT Theodore E. Essenfeld, USN
      (2) Commander, Expeditionary Strike Group THREE
      (3) Deputy Chief of Navy Personnel

Subj: FINAL CIVIL ACTION REPORT ICO CAPT THEODORE E. ESSENFELD, USN

Ref:  (a) NAVPERS 15560D

Encl: (1) NCIS Report of Investigation CCN: 18MAR22-SWND-00224-8KNA
      (2) U.S. District Court, Southern District of California Indictment ICO U.S. v. Essenfeld
      (3) U.S. District Court, Southern District of California Judgment ICO U.S. v. Essenfeld

1. Per reference (a), article 1616-010, the following civil action report is submitted in the case of CAPT Theodore Essenfeld, USN:

   a. Civilian Jurisdiction: U.S. District Court, Southern District of California

   b. Court Date and Findings: On 10 Aug 23, CAPT Essenfeld was charged with one count of cyberstalking in violation of Title 18, U.S.C., Section 2261A(2)(B) and one count of identity theft in violation of Title 18, U.S.C., Section 1028(a)(7), as documented by enclosure (2).

   c. Brief Description of the Misconduct: CAPT Essenfeld, in an attempt to harm his ex-girlfriend, damage her reputation, and career prospects, created imposter social media accounts. This included Facebook, LinkedIn, email, and cellular phone accounts using the woman's name, biographical information, and photographs without her knowledge or consent. Posing as the victim, CAPT Essenfeld posted erotic and sexually explicit content to the Facebook account, as well as graphic media files/memes. In addition to the materials posted on the imposter Facebook account, CAPT Essenfeld joined Facebook dating groups that interacted with numerous people while impersonating the victim. Activities included "liking" other users' posts and sending flirtatious messages. CAPT Essenfeld linked the imposter Facebook and LinkedIn accounts to the victim's prospective employer by following and engaging with their social media accounts. He also linked the imposter accounts to other aspects of the victim's life by "liking" posts by her former co-workers, her university, the U.S. Navy, and fitness studios she previously attended. A more detailed description of the misconduct can be found in enclosure (1).

| Controlled by:         | Department of the Navy |
|------------------------|------------------------|
| Controlled by:         | ESG-3 SJA              |
| CUI Categories:        | Legal, Privacy         |
| Dissemination Control: | FEDCON                 |
| POC:                   | N00J, 619-556-3786     |

CUI

ENCLOSURE 5 (Pg 1 of 2)

CUI

Subj: FINAL CIVIL ACTION REPORT ICO CAPT THEODORE E. ESSENFELD, USN

    d. Sentence Imposed: On 12 Jun 24, a federal jury convicted CAPT Essenfeld on both of his charges. Per enclosure (3), he was sentenced to 37 months of confinement. Following release from his confinement he will be subject to three years of supervised release/probation.

2. Enclosures (1) through (3) are provided for your consideration.

3. After fully reviewing the facts and opinions of this case, the following administrative actions are requested or recommended:

    a. I **do** recommend that CAPT Essenfeld be detached for cause, as he has been sentenced to remain in federal prison until November 2027 due to his misconduct. It is most appropriate to no longer keep him attached to the command.

    b. CAPT Essenfeld's misconduct **does** warrant promotion delay or removal if on a promotion list.

    c. CAPT Essenfuld **should** be required to show cause for retention in the Naval service. As evidenced by his sentence, CAPT Essenfeld's misconduct was serious and service discrediting. His poor decisions and personal failings were not only a public embarrassment for the Navy, they were harmful to his victim. As the prospective commanding officer of a Naval vessel, his actions delayed a ship's change of command, impacting the ship, the strike group, and the Navy's overall readiness.

4. By copy hereof, CAPT Essenfeld is notified of the right, per reference (a), article 1611-010, to submit comments within 10 calendar days of receipt of this report. This report will be included as an adverse matter in his official record. Due to his status in confinement, additional time may be granted if needed. CAPT Essenfeld's comments or declination to make a statement will be reflected in the first endorsement to this letter.

5. My point of contact for this matter is LCDR Kym L. Murphy, JAGC, USN. She can be reached at (619) 556-3786 or by email at esg-3-sja@us.navy.mil.

*R. W. PECK*

2
CUI

ENCLOSURE 5 (pg 2 of 2)

CUI



**DEPARTMENT OF THE NAVY**
BUREAU OF NAVAL PERSONNEL
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

1920
Ser 834/257
17 Apr 25

From: Commander, Navy Personnel Command (PERS-83)
To: Commander, Navy Region Southwest

Subj: CAPT THEODORE E. ESSENFELD, USN, 2905

Ref: (a) COMNAVPERSCOM ltr 1920 Ser 834/256 of 17 Apr 25
(b) SECNAVINST 1920.6D
(c) SECNAVINST 1400.1C
(d) BUPERSINST 1070.27E

Encl: (1) Board of Inquiry Report Form
(2) Certificate of Service

1. Reference (a) initiated administrative proceedings requiring CAPT Essenfeld to show cause for retention in the naval service before a board of inquiry (BOI). CAPT Essenfeld will hereafter be referred to as the Respondent.

2. Upon receipt of reference (a) enclosure (1), or if the Respondent fails to respond in the allotted timeframe, please convene a BOI in accordance with reference (b) to consider the Respondent's case. Notify the Respondent of the time and place of the BOI within 10 days of the receipt of the election of rights. The Respondent shall be given at least 30 days to prepare their case. Pertinent information from the Respondent's official record is available upon request from Navy Personnel Command (PERS-834) and shall be made available to the Respondent and their counsel. Reference (a) informed the Respondent of the reasons for being required to show cause for retention, the least favorable characterization of service that may be recommended is Other than Honorable, and the rights as a Respondent as outlined in reference (b), enclosure (11). Ensure BOI members are appointed in accordance with reference (b), enclosure (11) and reference (c).

3. The recorder, and the legal advisor, if appointed, shall be lawyers certified under the Uniform Code of Military Justice, Article 27 (b), who are fully conversant with reference (b) and administrative law procedures. The recorder shall be selected based on demonstrated ability to provide a vigorous representation of the government's case. Counsel for the Respondent shall be likewise certified and shall carry out the duties prescribed by Rule 502 of the Rules for Courts-Martial as set forth in the Manual for Courts-Martial.

Controlled by: Department of the Navy
Controlled by: PERS-834
CUI Category: PRVCY
Distribution/Dissemination Control: FEDCON
POC: ENS Chauncey Kimmons, PERS-834@navy.mil

CUI

ENCLOSURE 6 (P, 1 OF 2)

CUI

Subj: CAPT THEODORE E. ESSENFELD, USN, 2905

4. The Board will make findings and recommendations in accordance with reference (b), enclosure (11) and report them using enclosure (1). If the Board recommends the Respondent be separated from the naval service, the Board shall also make a characterization of service recommendation based on the guidelines set forth in reference (b), enclosure (8). The Board will make no other recommendations to the Secretary concerning this case.

5. The BOI should be completed within 60 days of receipt of this letter. This goal shall be vigorously pursued. Notify PERS-834, by email or telephone, of the date the BOI will convene. Upon completion of the BOI, notify PERS-834 of the results by forwarding enclosure (1). Should it be necessary to exceed the 60-day timeline due to natural disasters or unusual operational commitments, request an extension from PERS-834. Prepare the BOI's record of proceedings, including a transcript of the proceedings in accordance with the guidelines of reference (b), enclosure (11). Provide a certified or summarized copy of the record to the Respondent for review and comment as required by reference (b), enclosure (11) using enclosure (2). Inform Respondent this record of proceedings and related documentation will become part of Respondent's official record and afford Respondent the opportunity to comment thereon, thereby satisfying the requirement of reference (d) regarding insertion of adverse material into an officer's record. Forward the BOI's record of proceedings to PERS-834 within 30 days of the BOI's completion. If not feasible to comply with this goal, request an extension, stating the reason for the delay.

N. F. CUNNINGHAM
By direction

2

CUI

ENCLOSURE 6 (Pg 2 of 2)

CUI



**DEPARTMENT OF THE NAVY**
COMMANDER EXPEDITIONARY STRIKE GROUP THREE
NAVAL BASE SAN DIEGO BLDG 73
3205 SENN ROAD
SAN DIEGO CA 92136-5090

IN REPLY REFER TO
5800
Ser N00J/270
13 Dec 24

SECOND ENDORSEMENT on Expeditionary Strike Group THREE ltr 5800 Ser N00J/240 of 12 Nov 24

From: Commander, Expeditionary Strike Group THREE
To: Commander, Navy Personnel Command (PERS 834)
Via: (1) Deputy Chief of Navy Personnel

Subj: FINAL CIVIL ACTION REPORT ICO CAPT THEODORE E. ESSENFELD, USN

Ref: (a) NAVPERS 15560D

1. Forwarded as a matter under your cognizance as the alternate show cause authority pursuant to reference (a), section 1611-010, paragraph (2), since I am the officer that initiated this report.

2. While it is not explicitly labelled as such, CAPT Essenfeld's letter of 29 November 2024 was intended to be the first endorsement to this report.

3. After fully reviewing CAPT Essenfeld's endorsement, conferring with my legal staff, and considering all of the facts of this case, I maintain my recommendation that that CAPT Essenfeld be detached for cause, that CAPT Essenfeld's misconduct does warrant promotion delay or removal if on a promotion list, and that CAPT Essenfeld should be required to show cause for retention in the Naval service.

4. While CAPT Essenfeld would like for any administrative process to be delayed until he is able to get a final ruling from a federal appellate court regarding his case, I do not agree. The timeline for federal criminal appeals is indefinite, and could be prolonged for years. At this time, CAPT Essenfeld has a final felony conviction, for which he should be administratively separated from the Navy.

5. My point of contact for this matter is LCDR Kym L. Murphy, JAGC, USN. She can be reached at (619) 556-3786 or by email at esg-3-sja@us.navy.mil.

*Randall W. Peck*
R. W. PECK

Copy to:
CAPT Essenfeld

| Controlled by: | Department of the Navy |
|---|---|
| Controlled by: | ESG-3 SJA |
| CUI Categories: | Legal, Privacy |
| Dissemination Control: | FEDCON |
| POC: | N00J, 619-556-3786 |

CUI

ENCLOSURE 7